IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AARON SKADAL, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) No. CIV 24-262-RAW-GLJ |
| McINTOSH COUNTY BOARD OF COUNTY COMMISSIONERS, et al., | ) ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

On July 25, 2024, Plaintiff Aaron Skadal, a pro se state prisoner, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights at the McIntosh County Jail in Eufaula, Oklahoma. (Dkt. 1). The defendants are the McIntosh County Board of County Commissioners; Kevin Ledbetter, McIntosh County Sheriff; and Monica Smith, Jail Administrator. *Id.* at 3-4. He is seeking injunctive and monetary relief. *Id.* at 7.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The

complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). *See also Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (holding that § 1915A dismissals are reviewed under the Fed. R. Civ. P. 12(b)(6) standard for stating a claim for relief).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct

a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Plaintiff's Claim**

Plaintiff states in his complaint that his federal constitutional or federal statutory rights were violated under "CH 73 T 18 §§ 1505, 1512, 242, 241." (Dkt. 1 at 5). He shows nothing to explain which rights he is referencing or how the defendants' actions were unconstitutional.

Plaintiff alleges that after he filed an earlier civil rights complaint in this Court's Case No. CIV 24-060-RAW-JAR, Defendants Ledbetter and Smith repeatedly have attempted to hinder and obstruct his civil proceedings. Plaintiff contends Ledbetter and Smith have effectively deprived him of his rights in the legal process by withholding sensitive documents, such as his inmate account statement. Defendant Smith also has denied Plaintiff's grievances and his request regarding an account statement. *Id.* at 5-6. Plaintiff presents no specific factual allegations against Defendant Ledbetter or the McIntosh County Board of County Commissioners.

In support of his claim, Plaintiff has filed a "motion to submit evidences," which the Court construes as a supplement to the complaint. (Dkt. 8). He asserts the defendants were informed of the Court's August 12, 2024, Order Granting Leave to Proceed *In Forma Pauperis*, which ordered that an initial partial filing fee of $7.47 be paid by September 1, 2024. *Id.* at 1, 4-5. The Court's records indicate that $8.00 was received by the Court on September 9, 2024. *See* Docket Sheet for Case No. CIV 24-262-RAW-GLJ. Plaintiff apparently is asserting that this case was delayed when the fee was not paid by the Court's deadline. *Id.* at 2.

**Discussion**

Here, Plaintiff is complaining that Defendant Smith delayed paying the initial partial filing

fee. Defendant Smith, however, explained in her August 20, 2024, response to Plaintiff's Request to Staff that Plaintiff's account was empty when the *in forma pauperis* order in this case was received by the jail. *Id.* at 6. The Court finds Plaintiff has failed to show his constitutional rights were violated. The Court further finds that Plaintiff's complaint is frivolous and fails to state to state a claim upon which relief may be granted. *See* 28 U.S.C. 1915A; 28 U.S.C. § 1915(e)(2)(B). Therefore, this action is dismissed.

**ACCORDINGLY,**

1. Plaintiff's "motion to submit evidences" (Dkt. 8) is construed as a supplement to the complaint.

2. This action is dismissed as frivolous and for failure to state a claim upon which relief may be granted.

3. This dismissal shall count as a "prior occasion" or "strike," pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 19$^{Tth}$ day of November 2024.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA